IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMMY EDWARD SIMPSON, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-486-MHT-CWB |
| | ) | |
| BRETT GIFFORD, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 while incarcerated at Butner Federal Medical Center in Butner, North Carolina. (*See* Doc. 1). By Order entered October 14, 2025, Plaintiff was informed that he must submit either the $405.00 in required fees or a properly completed application to proceed *in forma pauperis*. (*See* Doc. 2). The Order was returned, however, on November 3, 2025. (*See* Doc. 3). The court then issued a second Order requiring Plaintiff to file notice of his current address by October 30, 2025. (*See* Doc. 4). The Order informed Plaintiff that this action could not proceed if his whereabouts remained unknown and cautioned Plaintiff that "a failure to respond to both this Order and the court's October 14, 2025 Order will result in a recommendation that this action be dismissed in its entirety." (*Id.*) (emphasis omitted). The court's Order in that regard likewise was returned as undeliverable and marked "Return to Sender, Refused, Unable to Forward." (*See* Doc. 5).

A court "may ... dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306-07 (11th Cir. 2025) (cleaned up); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to

1

impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (stating that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted). A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

Because Plaintiff's whereabouts are unknown, and because efforts to obtain updated address information from Plaintiff have been unsuccessful, the undersigned Magistrate Judge **RECOMMENDS** that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **December 9, 2025**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings or recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 25th day of November 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**